*548
 
 Gbidley, J.,
 

 after stating the facts of the case, and the provisions of the will, proceeded: — The scheme of the will is, therefore, this: that the income of the testator’s estates, real and personal, after the payment of his just debts, should be applied to the clothing and maintenance of his wife, and the clothing, maintenance and education of his children by her, and the surplus was to be invested by the wife, as trustee for the children. The property was all to be kept together, undivided, until the eldest surviving child, by his present wife, should become twenty-one years old, and then to be appraised, and his or her equal share apportioned, and paid, if required.
 

 Now, the objection to this scheme is, that, by the will, the absolute power of alienation is suspended for a longer period than two lives in being, and, therefore, the will contravenes the loth section of the article of the revised statutes entitled, “ Of the creation and division of estates” (1 R. S. 723, § 15), and is, therefore, void. This very question was decided in
 
 Hawley
 
 v.
 
 James
 
 (16 Wend. 61). It was held by Judge Bbonson, in that case, and his ruling has been followed by the courts since, that “the power of alienation cannot be suspended for a longer period than during the continuance of two lives in being at the *creation of _ ^ the estate; and every limitation by which the “ power of alienation
 
 may be
 
 suspended for a longer period, is void in its creation. The lives
 
 must be designated,
 
 either by naming the persons in particular, or by limiting the estate on the two first lives that shall fall, in a class of several individuals.”
 

 By this rule, it will be seen, that the power of alienation was suspended, in the case at bar, or, which is the same thing, might be suspended, during three lives. Suppose, the three eldest of the four children, living at the testator’s death, should die, and the remaining child should, after their death, arrive at the age of twenty-
 
 *549
 
 one years, it is clear, that by the terms of the will the estate must be kept together, and the power of alienation must be suspended, during three lives. The same doctrine has been decided in
 
 Kane
 
 v.
 
 Gott
 
 (7 Paige 521), and the same, case in the court of errors (24 Wend. 564), and in
 
 Boynton
 
 v.
 
 Hoyt
 
 (1 Den. 53), and in several cases arising in the superior court of the city of New York. This view of the case is conclusive against the appellant.
 

 But the estate-is not to be divided at the majority of the eldest child. The residue is still to be kept, together and undivided, for the maintenance and education of the rest, until the last of the children shall arrive at the age of twenty-one years; so that the power of alienation is suspended as to all but the portion of each successive child who arrives at twenty-one years of age, until the last shall reach that age. The consequence is, that the judgment must be affirmed.
 

 Judgment affirmed.
 
 [1]
 

 [1]
 

 See Stevenson
 
 v.
 
 Lesley, 70 N. Y. 512.