WILLIAM BRINKERHOFF, as Executor of and Trustee under the Last Will and Testament of GEORGE J. SEABURY, Deceased, Respondent, *v.* EUGENIA R. SEABURY and Others, Impleaded with NORMAN S. GREEN and Others, Appellants.

*Will — trust — accumulation of income — valid and invalid provisions — power of sale.*

Appeal from a judgment entered in New York county clerk's office January 20, 1910.

Judgment affirmed on the opinion of BISCHOFF, J., in the court below.

The following is the opinion of the court below:

BISCHOFF, J.: The provision for the accumulation of income for fifteen years being obviously void, I am to determine the extent to which other directions in

the will, depending upon or connected with the invalid provision, may be enforced. The payment of $3,000 annually for their lives to the testator's two daughters, as directed in paragraph 5, must be considered as upon a trust, separate and distinct from the trust provision for their benefit in paragraph 7. The 5th paragraph does not relate nor is it restricted to income in the hands of the trustees during the fifteen-year period (provided for in paragraph 6), and the powers of the trustees were not, necessarily, to come to an end under paragraph 5 when that period terminated. At that time paragraph 7 was to take effect, and while a trust fund was to be set apart for the daughters sufficient to yield this same amount of income, there is no clear and reasonable indication that the payment for their "natural lives," in paragraph 5, was intended as a mere temporary provision for fifteen years. Since the persons who were to take the residue under the 8th paragraph, after the fifteen-year period, were such members of a designated class "as may then be living," this residuary provision cannot be carried into effect by accelerating the bequest, for there was no present gift and no vesting of an estate in the residuary legatees, postponed merely as to the time of enjoyment. The persons to take were those who might fulfill the condition of survivorship, no remainders were to vest within the period of suspension allowed by law, and the gift itself is so dependent upon the void trust, with the attendant postponement for fifteen years, that it cannot be given effect if any regard be had to the testator's actual intention. (*Fargo* v. *Squiers*, 154 N. Y. 250, 260.) The trust estate for the two daughters, under paragraph 7, may properly be brought into existence by resort to the doctrine of acceleration (*Kalish* v. *Kalish*, 166 N. Y. 368), and the trustees have duties to perform with respect to the collection of income and the payments to these daughters of the annual sum of $3,000 for their lives, under paragraph 5. In other respects the 5th paragraph does not operate to create a trust or to effect an equitable conversion. So far as sales may be necessary to carry the trust provision for the daughters into effect, the trustees are undoubtedly possessed of a power of sale, according to the express words of the will, but there is no imperative direction to sell, and no apparent purpose is indicated which would necessitate a sale of all the real estate for the purposes of distribution. My conclusion is that the residuary estate is charged with the two trusts above referred to, for each of the testator's daughters, and that beyond this, as to the residuary estate, there was intestacy. Form of decision and judgment may be presented accordingly on notice of settlement.

---

Thomas Garrett, Respondent, v. National Fireproofing Company, Appellant. — Judgment and order affirmed, with costs. No opinion.

Isaac Dincin, Appellant, v. Samuel Colcord, Respondent.— Judgment and order affirmed, with costs. No opinion.

Adam Joseph Hafner, Respondent, v. Mechanics and Traders' Realty Company, Appellant.— Judgment affirmed, with costs. No opinion.

In the Matter of the Judicial Settlement of the Account of Moses F. Dennis, as Executor, etc., of Van Wyck Horton, Deceased; Appellant. George P. McCoy and Susan E. H. Hackett, Respondents.— Decree affirmed, with costs. No opinion.