BAILEY v. BUFFALO LOAN, TRUST & SAFE DEPOSIT CO. et al.

(Supreme Court, Equity Term, Erie County. December, 1911.)

1. PERPETUITIES (§ 7*)—SUSPENSION OF ALIENATION.
    A will created a trust in bonds, the income to be paid in an amount stated to testator's brother and to S. during their lives, the remainder thereof to be paid to testator's son H. during his life. or until the trust terminated, and, if the others died, their share to be paid to H., and upon his death, his share to be added to the principal. The will further

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

provided that the principal should be held in trust for H.'s children, and that each child should receive his part of the fund upon reaching majority, and then to take such proportion of the principal as the number of living minor children should bear to the principal then undivided, so that, if there were three children when the oldest became 21, he would take one-third of the principal, and, if another child were born thereafter, then the second child, on becoming of age, should receive one-third of the remaining principal. It was also provided that if H. had no children living at testator's death, or such children died before their majority, the trust should continue for 25 years from the date of the will, and, if H. then had no children living, it should cease, and the principal be paid to H. absolutely, but that, if a child born to him after testator's death was then living, the trust fund should continue for its benefit. H. had one daughter at testator's death, and three children were born there-after    *Held*, that the bequest of the principal was void, as violating Personal Property Law (Consol. Laws 1909, c. 41) § 11, providing that the absolute ownership of personalty shall not be suspended by will for more than the term of two lives in being at testator's death.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 48, 54, 55; Dec. Dig. § 7.*]

**2.** WILLS (§ 630*)—VESTED ESTATES.

If the only thing between an infant and his enjoyment of an estate is his minority, he has a vested estate, subject to being defeated by dying before his majority.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1464–1480; Dec. Dig. § 630.*]

**3.** DESCENT AND DISTRIBUTION (§ 17*)—VESTED REMAINDER.

A vested remainder in an infant passes to his heirs.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 51, 52; Dec. Dig. § 17.*]

**4.** PERPETUITIES (§ 7*) — TESTAMENTARY TRUST — SUSPENSION OF POWER OF, ALIENATION.

A provision bequeathing funds in trust will only be upheld when in every possible contingency it will terminate at the end of two lives in being at testator's death.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 48, 54, 55; Dec. Dig. § 7.*]

**5.** WILLS (§ 473*)—VALIDITY—SUSPENSION OF ALIENATION.

Those provisions of a trust which look to an accumulation of income, though not bad in themselves, must fall with the principal, where the trust is invalid for undue suspension of the power of alienation.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 992, 995; Dec. Dig. § 473.*]

**6.** PERPETUITIES (§ 7*)—SUSPENSION OF POWER OF ALIENATION—ABSOLUTE TIME.

A provision of a testamentary trust that it shall continue for 25 years in case the children of testator's son living at testator's death die before arriving at their majority is void as suspending absolute ownership of the fund for a specific period, instead of not more than two lives in being at testator's death.

[Ed. Note.—For other cases, see Perpetuities, Dec. Dig. § 7.*]

**7.** WILLS (§ 718*)—ESTOPPEL OF BENEFICIARY.

For 17 years a clause in a will creating a trust was treated by all parties interested as valid, and plaintiff, the residuary legatee, as executor, turned over his funds to the trustee under the will, and received his share of the income and acquiesced in the payment of the rest of the income to others entitled thereto under the trust, and plaintiff did not up to the commencement of the action claim that he was entitled to the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

principal of the fund. *Held*, that though the clause creating the trust fund was void as suspending its ownership for more than two lives in being, and plaintiff was entitled to recover the principal of the trust fund, he was estopped to recover from the trustee the income which had been administered for the past 17 years.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1717–1721; Dec. Dig. § 718.*]

Action by Harlow W. Bailey against the Buffalo Loan, Trust & Safe Deposit Company and others to declare void a provision of a will. Judgment for plaintiff as stated.

Aaron Fybush and Frank C. Ferguson, for plaintiff.
Messer & Groat, for defendant Trust Co.
Gibbons & Pottle, for defendant Alanson Bailey.
H. B. Van Peyma, for infant defendants.

BROWN, J. [1] The fourth paragraph of the last will and testament of Daniel E. Bailey, deceased, reads as follows:

"Fourth. I direct that bonds of the Toledo Consolidated Street Railroad to the amount of sixty thousand dollars be deposited in trust with the Buffalo Loan, Trust and Safe Deposit Company, of Buffalo, N. Y., as trustees, and in case at the time of my decease I should not be possessed of the above bonds, then the same amount in cash or other good securities be placed in the hands of said Buffalo Loan, Trust and Safe Deposit Company, as a trust fund, the income of which, after paying the expenses of such trust, I direct to be paid as follows: Fifty dollars per month to my brother, Alanson C. Bailey, of Toledo, Ohio, during his natural life; thirty dollars per month to Mrs. Mary A. Swain, of Buffalo, N. Y., during her natural life, and the remainder of said income to my son, Harlow W. Bailey during his natural life, or until the trust shall terminate, as hereinafter stated. And in the case of the death of either my said brother, Alanson C. Bailey, or Mrs. Mary A. Swain, then their proportions of said income shall be paid to my son, Harlow W. Bailey, and in case of the death of my said son, Harlow W. Bailey, then I direct that his share of said income shall be added to the principal sum of said trust.

"The principal of said trust fund of sixty thousand dollars, I direct to be held in trust by the said Buffalo Loan, Trust and Safe Deposit Company for the children of my said son, Harlow W. Bailey, and I direct that each child of my said son, Harlow W. Bailey, shall have and receive his or her proportion of said trust fund upon his or her arriving at the age of twenty-one years, and then to take such proportion of said principal sum as the number of children then living and minors, shall bear toward to the principal sum then undivided, so that if there be three children living when the oldest becomes twenty-one years of age, such oldest child shall receive one-third of said principal sum of said trust fund, and if another child shall be born after the oldest child has become twenty-one years of age, and shall have received his or her proportion, of said trust fund, then the second child shall, upon becoming twenty-one years of age, have and receive one-third of the remaining principal of said trust fund.

"And in case there be no children of my said son, Harlow W. Bailey, living at the time of my decease, or in case the children then living shall die before arriving at the age of twenty-one years, then I direct that the trust hereby created shall continue for twenty-five years from the date of this will, and if at that time there be no children of my said son, Harlow W. Bailey, living, I direct that the trust hereby created shall cease and be determined, and I hereby direct that the principal of said trust fund shall then be paid to my said son, Harlow W. Bailey, and the same shall be his property absolutely, and forever, and if at that time my said son, Harlow W. Bailey, shall not be living, then I direct that the principal of said trust fund

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

shall be divided and paid over, share and share alike to the heirs of my said sister, Caroline E. Blair, of Madison, Ohio. But if there be a child of my said son, Harlow W. Bailey, living twenty-five years from the date of this will, though born after my decease, then said trust hereby created shall continue for the benefit of such child."

The plaintiff attacks the validity of the foregoing clause, contending that, by its terms, the absolute ownership of the fund is suspended for a period beyond the extent of two lives in being at the death of the testator, in violation of section 11 of the personal property law.

It is plain that the testator intended that the absolute ownership of the trust fund should be suspended until the children of Harlow W. Bailey living at the death of the testator and those born thereafter should, respectively, reach the age of 21 years. No such child was to receive a share until it reached its majority, and its share could only be determined by the number of minor children then living. The share of each child depended upon the contingency of its reaching the age of 21, and the amount of such share depended upon the further contingency as to the number of minor children then living. If it could be said that the trust fund vested in the children of Harlow W. Bailey upon the death of the testator and the payment of a certain share was to be postponed until each child reached its majority, a legal, vested remainder would have been created; but the clause provides that each child shall have his proportion of said trust fund upon his arriving at the age of 21, such share being such proportion as the number of minor children then living shall bear toward the principal, so that, if there be three children living when the oldest becomes twenty-one, such oldest child shall receive one-third, and, if another child be then born, then the second child, upon reaching 21, shall receive one-third of the balance. It is plain that, upon the death of Harlow W. Bailey, the interest of each of his children in the trust fund is simply a contingent one, depending upon his reaching his majority. It is equally plain that, upon the death of Harlow W. Bailey, it will be unknown whether any of his children will ever be vested with the title to the fund. Harlow W. Bailey had one child living at the death of the testator and now has three others, born after testator's death. The daughter of Harlow W. Bailey, living at testator's death, did not take the trust fund. She had no interest in it whatever except as based upon the contingency that she should live to attain her majority. It was not a vested interest, subject to the rights of after-born brothers or sisters. It was a contingent interest that would be defeated by her death during her minority. It is not a bequest to the children of Harlow W. Bailey, when they shall come of age. It is not a bequest to any specified child, to be paid to it on reaching its majority. It is a bequest to only such children as live to be 21.

[2] The law undoubtedly is that, where nothing is interposed between the infant and his enjoyment of the possession of the estate except his own minority, he has a vested estate, subject to be defeated by the condition subsequent of his dying under age. Manice v. Manice, 43 N. Y. 380. But, before this trust fund could vest in the one

child of Harlow W. Bailey living at testator's death, there must happen the contingency on no children being born to Harlow W. Bailey, and that contingency must have been known not to happen at testator's death. The declared trust provides that the trust fund is to be paid over to all children as they reach 21, and no provision is made for the share of a child that dies during its minority. In fact, a minor child has no share.

[3] A vested remainder in an infant will pass to the infant's heirs. No one would claim that any share in this trust fund would pass to the heirs of any of the children of Harlow W. Bailey dying during their minority. No provision is made showing that testator ever intended that upon the death of the minor child of Harlow W. Bailey living at testator's death any share of the trust fund would go to its heirs. Upon the death of such minor child, it simply drops out of all calculations and consideration as to the disposition of the fund. The youngest of his children may be vested with the entire trust fund, depending upon the death of her three brothers and sisters, and also depending upon her reaching her majority. The absolute ownership of this fund by the youngest child is suspended for three lives, only one of which was in being at the time of the testator's death, and also for the minority of this youngest child. The main difficulty is that the testator intended, and has provided, that the trust fund shall remain in trust until the oldest child of Harlow W. Bailey reaches 21 years of age, and that the fund then shall go to persons who are not even ascertainable upon the happening of that event. The one reaching 21 years can then be ascertained, and the amount of his share determined. As to the balance of the trust fund, it remains in trust until the second child reaches 21, and then shall go to persons who are not even then ascertainable. The second child's share can be ascertained. The balance is to remain in trust until the third child reaches 21, and then his proportion shall go to him, such proportion to be ascertained by the number of minor children then living, and so on and on as long as Harlow W. Bailey shall live and have children. It is plain that no specific interest in this trust fund can ever vest in any child prior to its arrival at its majority, and that the testator so intended; and it is equally plain that the testator has provided that in the event that Harlow W. Bailey dies leaving four minor children, and the three oldest of the children should die before reaching 21 years of age, the absolute ownership of the trust fund should be suspended during the lives of Harlow W. Bailey, his three oldest children, and also during the minority of the youngest child.

In Jennings v. Jennings, 7 N. Y. 547, the will provided:

"As soon as the eldest surviving child by my present wife becomes of the age of twenty-one years the whole of the property to be fairly appraised and valued, and his or her equal share of the property apportioned, and if required, paid to him or her, and in like manner the same course shall be pursued in respect to the rest of my surviving children by her."

In speaking of this provision, Gridley, J., said:

"It will be seen that the power of alienation was suspended, or, which is the same thing, might be suspended during three lives. Suppose the three

eldest of the four children living at the testator's death should die, and the remaining child, after their death, arrive at the age of 21 years; it is clear that by the terms of the will the estate must be kept together and the power of alienation must be suspended during three lives. * * * But the estate is not to be divided at the majority of the eldest child. The residue is still kept together and undivided until the last of the children shall arrive at the age of 21 years. So that the power of alienation is suspended as to all but the portion of each successive child who arrives at 21 years of age, until the last shall reach that age."

Such provision was held illegal.

In Thompson v. Carmichael, 1 Sandf. Ch. 387, the trust was to continue until the youngest of testator's four children should arrive at the age of 21 years. The trust was held void, for the reason that the three oldest children might die before the youngest reached 21, before the ownership of the residue of the personal property could be ascertained and absolutely disposed of. It was a suspension of absolute ownership of personal property for more than two lives in being.

It is impossible to read the fourth clause in question without reaching the conclusion that the testator has provided and intended that, in the event of the death of Harlow W. Bailey, there should be a trust in favor of the issue whom Harlow W. Bailey might leave surviving until said issue should, respectively, reach their majority. Such provision is condemned in Matter of Wilcox, 194 N. Y. 293, 87 N. E. 497, as being invalid, in that it might suspend the absolute ownership of personal property in lives not in being at the time of the death of the testator. This trust cannot terminate until after the death of Harlow W. Bailey, and then only upon the arrival of his then youngest child at the age of 21 years. Its termination is not dependent upon lives in being at the time of testator's death. In no possible contingency will it terminate by its terms upon the death of two lives in being at testator's death. If Harlow W. Bailey had but one child, upon its arrival at the age of 21 the trust would terminate; but such a contingency is not provided for in the terms creating the trust. Neither can it be certain to happen in this case.

[4] It is only when by every possible contingency as provided by the terms of the trust that it will terminate at the end of two lives in being at the death of the testator that such a provision can be upheld. The interests of the children of Harlow W. Bailey in the trust fund being mere contingent interests, depending upon so many things, that may or may not happen, it cannot be said that they have any vested interest that places the power of alienation in them, individually or as a class. There are no persons in being who could convey complete title to this fund. Children may yet be born that may inherit under this clause the entire ownership of the fund.

The fourth clause, attempting to bequeath the principal of the trust fund to the children of Harlow W. Bailey, is void. Matter of Wilcox, 194 N. Y. 288, 87 N. E. 497; Schettler v. Smith, 41 N. Y. 334; Morton Trust Co. v. Sands, 122 App. Div. 691, 107 N. Y. Supp. 698; Herzog v. Title Guaranty & Trust Co., 177 N. Y. 86, 69 N. E. 283, 67 L. R. A. 146; Colton v. Fox, 67 N. Y. 348; Knox v. Jones, 47 N. Y. 389; Simpson v. Trust Co., 129 App. Div. 200, 113 N. Y. Supp.

370; Henderson v. Henderson, 113 N. Y. 16, 20 N. E. 814; Robinson v. Martin, 200 N. Y. 159, 93 N. E. 488.

[5] The provision directing accumulations of income would be valid if the preservation of the principal until each of such children as Harlow W. Bailey may have reaches the age of 21 years could be upheld. The accumulation of income is directed to commence on the death of Harlow W. Bailey for the benefit of his then minor children. As no child could be born after the death of Harlow W. Bailey, unless it was in being at the time of his death, it is seen that the will directs that accumulations shall commence during the minority of the persons for whose benefit it is intended and terminates at the expiration of such minority. That portion of the income payable to Alanson Bailey and Mary Swain is not directed to be accumulated in any event. It is paid to Harlow W. Bailey upon their death. It becomes the property of Harlow W. Bailey absolutely, and would on his death continue to be payable to his estate. His executor or administrator would be entitled to receive this portion during the continuance of the trust. It is only the share of the income directed to be paid to Harlow W. Bailey—that is, the balance remaining after paying the $50 and $30 a month—that is directed to be accumulated after the death of Harlow W. Bailey. With this portion so directed to be accumulated, the life or death of Alanson Bailey or Mary Swain has no concern. The direction to accumulate the income provides that it shall commence at the expiration of one life in being at the time of testator's death. The attempted preservation of the principal for more than two lives in being at the time of testator's death being void, it can no longer be treated as the basis from which the income can be paid to the beneficiaries or be accumulated as directed. The principal immediately falls into the residue of decedent's estate, and under the residuary clause becomes the property of Harlow W. Bailey, and, of course, all income therefrom goes with it to the same legatees.

[6] The provision directing that the trust shall continue for 25 years in case the children living at the testator's death shall die before arriving at the age of 21 is also void, as expressly suspending the absolute ownership of the fund for that period, instead of limiting such suspension upon not more than two lives.

[7] For 17 years this clause has been treated by all parties as valid; its provisions have been complied with; the plaintiff has received his share of the income, and acquiesced in the payment by the trustee of the monthly sums to Alanson Bailey and Mary Swain. The trustee has performed all the duties intrusted to it by the terms of the will. It has earned, and is entitled to, its legal fees for this service. At no time up to the commencement of this action has the plaintiff made any claim that he was entitled to such trust fund, or that the trustee was not justified in paying the annuities and fees out of such income. The trust fund is still in the hands of the trustee undistributed. This action is not barred by the statute of limitations. The plaintiff is not estopped from now maintaining it to recover the principal of the trust fund. He is estopped from maintaining it to recover from the trustee the income that has been administered for these 17 years. He ex-

pressly assented that the trustee should take the fund, collect the income, and pay the beneficiaries their annuities and the trustee its fees. He, as executor, turned such fund over to the trustee for the express purpose of having it administered as provided in the will. The trustee having so paid the income at the direction of the plaintiff, he is now estopped from claiming any part of such income that has been so paid out by the trustee prior to the commencement of this action. The annuities to Alanson Bailey and Mary Swain, and the fees of the trustee, were paid by the trustee with full knowledge on the part of the plaintiff and with his acquiescence. As was said by Van Vort, J., in Giraud v. Giraud, 58 How. Prac. 175, for the purpose of protecting the trustee and shielding the beneficiaries from claims of the one upon the other growing out of such payments, the will should be deemed what it was in good faith believed to be. Under the belief that the will was valid, it was clearly the duty of the trustee to collect the income and apply the same in accordance with the direction of the will; and, the beneficiaries having acquiesced in such payments for such a period of time, this action in that regard should not in equity be made a subject of inquiry, but the same should be left in the condition in which it seems to have been by common consent placed by all concerned.

The plaintiff is entitled to judgment declaring the fourth paragraph of the last will and testament of decedent void; that the trustee pay over to plaintiff the trust fund, and accumulations on hand, after deducting the items hereinafter named. The defendant trust company is entitled to its costs and disbursements. The defendant children of Harlow W. Bailey are entitled to their costs and disbursements. The defendant, Alanson Bailey, is entitled to his costs and disbursements, and the plaintiff is entitled to his costs and disbursements, all payable out of the funds in the hands of the trustee.