(64 App. Div. 444.)

BINDRIM et al. v. ULLRICH et al.

(Supreme Court, Appellate Division, Second Department. October 11, 1901.)

WILLS—CONSTRUCTION—RESTRICTION OF ALIENATION.

> Real Property Law, § 32, provides that every future estate which shall suspend the absolute power of alienation for a longer period than two lives in being at the creation of the estate shall be void. Testator's will provided that the income of a seventh share of his estate should be paid the wife of testator's seventh child during the minority of his grandchildren, to be used for such grandchildren's support, and to be divided equally among them on their coming of age. The will further provided that, in case of the death of any children or grandchildren before coming of age, such child's share should go to his or her issue, if any, surviving, or, if unmarried and without lawful issue, such share should go as provided by statute in case testator died intestate. *Held*, that such provision was void, as attempting to suspend alienation beyond a period longer than two lives.

Appeal from special term, Kings county.

Action by George F. Bindrim and another, as surviving executors of the last will and testament of Mathias Bindrim, deceased, against Barbara Ullrich and others and Paul Grout, as guardian ad litem, to construe a will. From a judgment adjudging certain provisions thereof void, and an order denying an allowance to the guardian ad litem, such guardian appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Edward M. Grout and Thornton J. Theall, for appellant.

George P. Foulke, for respondents Bindrim and others.

Abraham Wielar and Jacob Marks, for respondents Ullrich and others.

WOODWARD, J. This action was brought to secure a judicial construction of the last will and testament of the late Mathias Bindrim, who died on October 6, 1894, leaving, him surviving, a widow and seven children, and resulted in a judgment declaring certain provisions of the said will void as contravening the statute inhibiting the suspension of the power of alienation during a period of more than two lives in being at the time of the creation of the estate. The guardian ad litem of the infant defendants appeals from the judgment and from an order denying the guardian an allowance.

Mathias Bindrim died seised and possessed of both real and personal property, and by his will, probated December 24, 1894, he gave,

devised, and bequeathed his entire estate to his executors, with power of sale, but in trust to pay the income and profits thereof to his widow during her life, and upon her death to divide the estate into seven equal parts. As to six of these parts this action has nothing to do. It seeks to construe the will only as to the seventh part, which undertakes to make certain provisions for the children of Eva and Julius Bindrim. The will, in so far as it is important upon this appeal, vests the entire estate, both real and personal, in the executors, "in trust, nevertheless—First. To pay the income and profits of my said estate to my wife,—Margaretha Bindrim, if she shall survive me, during her natural life. Second. At the death of my said wife, or at my death if she shall die before me, my said executors shall divide my estate into seven equal parts, and pay one share thereof to my daughter Barbara Ullrich, wife of Charles W. Ullrich, one share thereof to my son George F. Bindrim, one share thereof to my son Robert Bindrim, one share thereof to my son Nicholas Bindrim, one share thereof to my son John Bindrim; and to pay the income and profits of one share thereof to Eva Bindrim, wife of my son Julius Bindrim, during the minority of my grandchildren, the children of my said son Julius Bindrim, to be used by her for the support, maintenance, and education of said grandchildren, and when they attain the age of twenty-one years to divide such share among such grandchildren equally, share and share alike." Here follows a similar provision for another daughter, and then the second paragraph of the will provides: "In case of the death of any of my said children or grandchildren under the age of twenty-one years, the share of such child shall go to his or her issue, if any, him or her surviving, or, if he or she shall die unmarried, and without lawful issue, the share of such child shall go as provided by statute in case I died intestate." It is urged by the appellant that this last clause may be disregarded for the purpose of sustaining the previous provision for the education, maintenance, and support of the grandchildren, it not being necessarily involved in the scheme of the will; and it may be that such action would be supported by the authorities. The difficulty is, however, that with this clause entirely eliminated from the will it is upon no better footing. While we are fully agreed with the appellant that it is the province of the courts to give effect to the declared intention of the testator, this rule is subject to the limitation that the testator shall not seek to do that which is unlawful. When he attempts to do this, it is the duty of the court to defeat his purpose, and to declare the will void. Considerations of public policy must always outweigh the will or intent of an individual, and the statute having declared that "every future estate shall be void in its creation which shall suspend the absolute power of alienation, by any limitation or condition whatever, for a longer period than during the continuance of not more than two lives in being at the creation of the estate" (Real Property Law, § 32), it is for the court to determine whether the testator has kept within the law, and, if he has not, to refuse to give effect to his intention, no matter how it may affect individuals. That the will under consideration created a trust as to the entire estate, both real and personal,

there can be no question. The income of the estate was to be paid to testator's widow during her natural life. This is a suspension for one life. Ward v. Ward, 105 N. Y. 68, 75, 11 N. E. 373. At this time the estate is to be divided into seven shares, five of which vest immediately in the persons of testator's sons and daughters, and as to these the trust is at an end. One of the two remaining shares remains in the hands of the executors, as trustees under the will, who are to pay to Eva Bindrim the income and profits "during the minority of my grandchildren," to be used by her for the support, maintenance, and education of said grandchildren, "and when they attain the age of twenty-one years to divide such share among such grandchildren equally, share and share alike." It is well settled that property given to trustees for the purpose of carrying out the provisions of a will vests the legal and equitable title to such property in the trustees; that the cestui que trust takes no title or interest in the estate (Knox v. Jones, 47 N. Y. 389, 396, and authority cited); and the statute makes every conveyance or other acts of the trustees of an express trust in lands in contravention of the trust absolutely void, and by analogy the same rule governs trusts of personal property. Genet v. Hunt, 113 N. Y. 158, 168, 21 N. E. 91, and authorities cited. As we have already seen, the estate was limited in the first instance to the natural life of testator's widow. She was dead at the time of the commencement of this action, though living at the time of the testator's death. But the will does not provide for the vesting of the property at the death of the widow. The trustees are to hold it, and to pay the income to Eva Bindrim "during the minority of my grandchildren," and "when they attain the age of twenty-one years to divide such share among such grandchildren equally, share and share alike." The subordinate rule has been formulated, and we think it applicable here, that, "where there is no gift but by a direction to executors or trustees to pay or divide, and to pay at a future time, the vesting in the beneficiary will not take place until that time arrives." Warner v. Durant, 76 N. Y. 133, 136; In re Brown, 154 N. Y. 313, 325, 48 N. E. 537, and authorities cited. With the legal and equitable title in the trustees for the purposes and during the continuance of the trust, it seems entirely clear that no interest in the estate could be vested in any of the infant defendants now before the court. In other words, the absolute power of alienation is suspended, not during any two specified lives in being at the time of the creation of the estate, but through that of testator's widow and through the minorities of the testator's several grandchildren, five of whom were living at his death. This is not a compliance with the statute. The policy of the law is to require that the limitation or settlement shall be such that the future estate must certainly vest at some definite time (Hawley v. James, 16 Wend. 61, 120), and, if the limitation be not such that it must take effect, if at all, within the prescribed period, it is void (Hawley v. James, supra). The lives must be designated either by naming the persons in particular or by limiting the estate on the first two lives that shall fall in a class of several individuals. Jennings v. Jennings, 7 N. Y. 547, 549; Crooke v. Kings County, 97 N. Y. 421, 441, and authorities

cited; Underwood v. Curtis, 127 N. Y. 523, 540, 28 N. E. 585. In the case now before us, Eva Bindrim and her husband are both living. The gift of the testator is to the grandchildren by this pair, and in legal contemplation a gift to a class is an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number (In re Brown, 154 N. Y. 313, 326, 48 N. E. 537, and authorities cited); and where there is a devise or bequest of a corpus or aggregate fund to children as a class, where the gift is not immediate, it vests in all the children in existence at the testator's death, but so as to open and let in any who may come into existence afterwards, at any time before the fund is distributable. And this rule of construction extends its favor to grandchildren, issue, brothers, nephews, and cousins. In re Brown, supra, citing Schouler, Wills, § 530; Haug v. Schumacher, 50 App. Div. 562, 64 N. Y. Supp. 310; Id., 166 N. Y. 506, 60 N. E. 245. There is a possibility, therefore, of a grandchild born after the creation of this estate, and the power of alienation, according to the terms of the will, must be suspended until all of the members of the class arrive at the age of 21 years, so that the possibility is present of a suspension of the power beyond two lives in being at the time of the creation of the estate, and the clause of the will is void because of this fact, if it could be held that the limitation provided in respect to those known to be in existence was within the letter or spirit of the statute. Schettler v. Smith, 41 N. Y. 328, 335; Smith v. Edwards, 88 N. Y. 92, 104; Cochrane v. Schell, 140 N. Y. 516, 539, 35 N. E. 971; Bird v. Pickford, 141 N. Y. 18, 21, 35 N. E. 938.

If we look beyond the clause of the will creating the trust for the children of Eva Bindrim to the ulterior limitations contained in the second-numbered paragraph of the will, we shall encounter new difficulties in sustaining the intention of the testator. He provides that, "In case of the death of any of my said children or grandchildren under the age of twenty-one years, the share of such child shall go to his or her issue," etc. Such a contingent limitation over necessarily suspends the power of alienation, provided it is or may be in favor of persons not in being at the death of the testator, and the suspense continues so long as there is a possibility that a person may come into being who would be entitled to take under the ulterior limitation. That is the situation in this case. Issue not yet in being may be born, who will be entitled to take under the will (Cochrane v. Schell, supra), and we are thus again confronted with a condition fatal to the contention of the appellant. In no view that we are able to take under the authorities can this will be sustained in the clauses now under consideration. It undertakes to do what the law says shall not be done, or, what is to the same purpose, it permits to be done what may not lawfully be accomplished, and it cannot be sanctioned by the courts. We are unable to find any authority for reversing the order denying to the guardian ad litem a special allowance. The infants have no interest in the estate, and beyond

the taxable costs there is no reason for imposing a burden upon the property of others.

The judgment and order appealed from should be affirmed, with costs.

GOODRICH, P. J., and SEWELL, J., concur.   HIRSCHBERG, J., concurs in result.   JENKS, J., taking no part.