was in fact read, nor does it appear that the counsel for the appellants at the time excepted to the ruling of the court, nor was the ruling which appears at folio 261 erroneous. It does not appear what counsel for plaintiff said in summing up; therefore, we cannot say whether he had a right to say it or not.

The judgment and order appealed from are affirmed, with costs to the respondent.

(112 App. Div. 659)

### In re COONEY'S WILL.

(Supreme Court, Appellate Division, Fourth Department. May 2, 1906.)

1. WILLS—CHARITABLE PURPOSES—RESTRICTIONS—TIME OF EXECUTION.
    Laws 1848, p. 448, c. 319, § 6, providing that no devise or bequest to a corporation formed under the act for benevolent, charitable, or scientific purposes shall be valid unless made two months before the death of testator, applies only to corporations organized under such statute.

2. TRUSTS—PASSIVE TRUSTS—RIGHT OF BENEFICIARIES.
    Real Property Law, Laws 1896, p. 570, c. 547, § 73, provides that a passive trust vests no title in the trustee, and by section 77 (page 571), where the trustee is not empowered to receive the rents and profits no estate vests in him, but the estate passes directly to the heirs or devisees, subject to the execution of the power. *Held*, that a bequest of personal property to certain individuals, in trust for the use and benefit of a corporation for the purpose of having masses and prayers said for the benefit of testatrix's soul, went to the corporation, and not to the individuals.

Appeal from Surrogate's Court, Monroe County.

Judicial proceedings on the probate of the will of Johanna Cooney, deceased. Appeal from so much of the decree of the Surrogate's Court as determined the validity of the fifth paragraph of the will and overruled and dismissed on the merits the objections to the probate. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Ernest B. Millard, for appellant.

John B. Kiley, for respondents.

SPRING, J. Johanna Cooney, a resident of the city of Rochester, executed her last will and testament in proper form on the 26th of July, 1905, and died five days later, leaving her surviving no husband or lineal descendant, but the appellant, her brother, and a nephew as her only next of kin. The will, after three general legacies aggregating $300, proceeds as follows:

"Fifth. I give, bequeath and devise the rest, residue and remainder of my property to Rt. Rev. Thomas F. Hickey and Bernard O'Rilly, of Rochester, N. Y., in trust, however, for the use and benefit of St. Bernard's Seminary, of the town of Greece, and St. Anne's Home for the Aged, of Rochester, N. Y., for the purpose of having masses and prayers read and said for the benefit of my soul, each institution to them equally."

It then names Bishop Hickey and Mr. O'Rilly trustees and executors. The will was presented for probate by the executor O'Rilly, and an answer was filed whereby the appellant put in issue the validity of paragraph 5 of the will. Code Civ. Proc. § 2624. The testatrix left only

personal property. Inasmuch as the testatrix died within two months after the execution of the will, it is contended that the fifth provision is within the condemnation of section 6, c. 319, p. 448, Laws 1848. The act mentioned was a general act providing for the incorporation of benevolent, charitable, scientific, and missionary societies; and by section 6 no devise or bequest to a corporation "formed under this act * * * shall be valid" unless "made and executed at least two months before the death of the testator." All of the act has been repealed except section 6, which is still in force. Matter of Lampson, 161 N. Y. 511–516, 56 N. E. 9 et seq.; chapter 559, p. 329, vol. 1, Laws 1895.

It will be noted that the limitation only affects corporations organized under this act, and this limitation has been recognized by authority. Stephenson et al. v. Short et al., 92 N. Y. 433; Matter of Lampson, 161 N. Y. 511–516, 56 N. E. 9 et seq.; Hollis v. Drew Theological Sem., 95 N. Y. 166. St. Bernard's Seminary was organized under this act. The certificate of incorporation so recites. St. Ann's Home for the Aged was incorporated in February, 1874, as the Rochester Home of Industry. In 1904, by an order of the Supreme Court, the present name was adopted. The purpose of the corporation is set forth in the certificate of incorporation as follows:

"That the object and business of such society is the protection of young females and their instruction in the ordinary branches of education, in music, and in all the trades and occupations in which women are employed, as well as in all branches of domestic economy, to the end that they may be and become useful and virtuous women."

The proof shows that old ladies are provided and cared for in the home, that prayers are said for its benefactors, and that testatrix at the time of her death and for the 14 months preceding was an inmate of the institution and daily took part in the saying of the prayers, so that the original object of the incorporation has been, in a measure, departed from. The certificate does not state under what act it was incorporated, and there is no direct proof in the record to enlighten us on the subject. The surrogate was asked to find as a fact that it was organized under chapter 319, p. 447, Laws 1848, but he declined to do so. The form of the certificate comports closely with the requirements contained in section 1 of that act. That was the general act under which corporations of this character for many years were organized. While many special acts were passed to enable corporations to be formed, there is no claim that this corporation was created by an act of that kind.

We find no general statute authorizing the formation of a corporation with a certificate like the one mentioned, except the act of 1848 referred to. The diligence of counsel has not been able to do so. The counsel for the respondents urges that it may have been organized pursuant to chapter 184, p. 354, Laws 1853. That act provides for the incorporation of colleges and academies by the regents of the University. Section 10 (page 357), referred to by counsel, relates to medical colleges, and provides that its trustees must be at least 10 in number. The purpose of that act and the scheme for the organization of corporations pursuant to it do not enable this beneficiary to be included within it. The conclusion seems reasonably clear that the Rochester Home

of Industry was organized under chapter 319, p. 447, Laws 1848. It may be upon another trial that proof may be elicited showing that the society was created by virtue of some other act of the Legislature.

It is claimed that the bequest is not to the corporations designated, but to the individuals who are to use the fund as trustees for the purpose of procuring masses and prayers to be said for the soul of the testatrix. The language of the bequest seems to contravene this interpretation. The individuals named take the property in trust "for the use and benefit" of the two institutions, and the bequest is to "each institution to them equally." The bequest was intended to be a charitable one for the aid of the two societies, and each was charged with the obligation of performing the prescribed religious service. The trustees were to receive this money, but no active duty was imposed upon them in connection with the fulfillment of the trust; and they were not charged with the performance of the religious rite which the testatrix intended to couple with the legacy to the two corporations. The trusteeship, if such it may be dignified, is a passive one, with no authority in the trustees to invest the fund and keep it intact, or to collect the income or to pay over any portion of it, or the principal, to the two corporate beneficiaries.

No kindred question was decided in Allen v. Stevens, 161 N. Y. 122, 55 N. E. 568, cited on the brief of respondents' counsel. In that case the residuary estate was willed to the designated trustees, and they were charged with the duty "of founding, erecting, and maintaining Graves Home for the Aged." The active management of the property was intrusted to the trustees, with authority to rent or sell the real property, to employ agents, etc. Their custody of the property was complete, and their authority in its management unrestricted. The court held that the beneficiary was indefinite; but the bequest did not fail in any event, because of chapter 701, p. 1748, Laws 1893.

By section 73 of the real property law (chapter 547, p. 570, Laws 1896) a passive trust vests no title in the trustee. So by section 77, where the trustee is not "empowered to receive the rents and profits," no estate vests in him. The estate passes directly to the heirs or devisees, "subject to the execution of the power." By analogy the present bequest, if valid, would go to the beneficiary, accompanied with the responsibility of saying "masses and prayers for the soul of the testatrix." Genet et al. v. Hunt et al., 113 N. Y. 158–168, 21 N. E. 91; Bindrim v. Ullrich, 64 App. Div. 444–447, 72 N. Y. Supp. 239.

The decree should be reversed, and a new trial ordered in Surrogate's Court, with the costs and disbursements of both parties on this appeal payable out of the fund. So ordered. All concur.