A bequest to the treasurer of a hospital in trust to be used for the interest of the hospital was valid under Laws 1893, p. 1748, c. 701, as amended by Laws 1901, p. 751, c. 291, enabling all corporate as well as voluntary bodies of a description mentioned in the act to become beneficiaries of a trust.

   [Ed. Note.—For other cases, see Charities, Dec. Dig. § 7.*]

2. WILLS (§ 16*)—CHARITABLE BEQUESTS—VALIDITY.

   A bequest in trust for the benefit of a hospital does not violate Laws 1848, p. 448, c. 319, § 6, as amended by Laws 1903, p. 1412, c. 623, § 1, because the will was executed within two months before the death of the testatrix, as those sections relate exclusively to a bequest made directly to and not in trust for the legatee or devisee.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 37; Dec. Dig. § 16.*]

3. EXECUTORS AND ADMINISTRATORS (§ 303*)—IDENTITY OF BENEFICIARY—LAPSE OF LEGACY.

   Where there is no evidence of the existence at the time of the death of a testatrix of the person to whom the bequest was made, her share will be paid into the treasury of the state, as provided by Code Civ. Proc. § 2747.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1241–1242; Dec. Dig. § 303.*]

In the matter of the estate of Sophie Beaver, deceased.   Decree for distribution and payment of legacies entered.

Max Alter, for executor.
Bayard L. Peck, for Anna McEvoy.
Shiland, Shoemaker & Hedges, for legatee.

BECKETT, S.   The testatrix by a codicil to her will made the following bequest:

"(2) I give and bequeath to Sister Louise Gonzaga, of St. Vincent's Hospital of the city of New York, state of New York ($1,600) sixteen hundred dollars, in trust, to be used as she may deem best towards the interest of St. Vincent's Hospital in the city of New York."

The legatee was the treasurer of St. Vincent's Hospital, which is a corporation organized under chapter 319, p. 447, of the Laws of 1848.   It is claimed that the bequest is void because the will was executed within two months preceding the death of the testatrix, in contravention of section 6 of the act mentioned, as amended by chapter 623, p. 1412, of the Laws of 1903.   The administratrix of the legatee named claims this bequest as an outright gift.   The bequest is evidently not a precatory one and cannot be regarded as a bequest to the

legatee, divested of any trust obligation. Nor is it to be regarded as a dry or naked trust, so as to vest the title immediately or directly in the corporation. It is a trust which vests the legal title in the legatee and imposes upon her active trust powers and duties, involving discretion, which are to be exercised for the use and benefit of the beneficiary, but in the manner prescribed by the testatrix. Such a trust would have been void at the time of the enactment of chapter 701, p 1748, of the Laws of 1893, but I am satisfied that that act, as amended by chapter 291, p. 751, of the Laws of 1901, validates the bequest and enables all corporate as well as voluntary bodies or organizations answering to the description of those mentioned in the act to be or become beneficiaries of a trust for the uses or purposes therein specified. Robb v. Washington & Jefferson College, 185 N. Y. 487, 495, 78 N. E. 359; Matter of Griffin, 167 N. Y. 71, 60 N. E. 284. See Matter of Cooney, 112 App. Div. 661, 662, 98 N. Y. Supp. 676, affirmed, without opinion, 187 N. Y. 546, 80 N. E. 1107; Matter of Shattuck, 118 App. Div. 888, 103 N. Y. Supp. 520.

St. Vincent's Hospital being the beneficiary of such a trust, and not acquiring its interest in the subject thereof as a direct or absolute gift or bequest, section 6 of chapter 319, p. 448, of the Laws of 1848, as amended by section 1 of chapter 623, p. 1412, of the Laws of 1903, above referred to, has no application to the legacy, as those sections relate exclusively to a bequest or devise made directly to and not in trust for the legatee or devisee. Allen v. Stevens, 161 N. Y. 148, 149, 55 N. E. 568. The death of the trustee, which has occurred since this matter was argued, will not affect the execution of the trust, as it will descend to and devolve upon the Supreme Court. Laws 1893, p. 1748, c. 701, as amended by Laws 1901, p. 751, c. 291.

There is no evidence of the identity or the existence at the time of the death of the testatrix of the person named Sophie Engelks, to whom is bequeathed by paragraph third of the will a share in what was therein called the "Doran mortgage." Unless such evidence is presented, her share will be directed by the decree to be paid into the treasury of the state, as provided by section 2747, Code Civ. Proc. The designation of the aforesaid mortgage as the "Doran mortgage," which was not found among the assets of the testatrix, creates a latent ambiguity, and I decide that the "Donovan mortgage," which was in the possession of the testatrix at the time of her death, was the one intended to be described by the testatrix.

There is an insufficiency of assets with which to pay debts and expenses of administration, together with the legacies given by the will, and said legacies must abate pro rata. Redf. Surr. (6th Ed.) § 760. Tax costs and settle decree on notice.

Decreed accordingly.