Anthony P. Savarese, S.
John Knehnle died on November 15, 1949, and left a last will and testament which was admitted to probate on February 20, 1950. Emil Mayer, the nominated and acting executor, has requested a construction of the fifth paragraph of the will which provides as follows: “I hereby devise the other one-half interest in my house located at 84-45 123rd Street, Richmond Hill, Queens, New York, Ronald Weil. If, at the time of my decease, however, Ronald Weil, shall be an infant, then in that event, I hereby nominate, constitute and appoint Emil Mayer and Matilda Mayer, to be the trustees for said Ronald Weil until he shall have reached the age of 21 years.” By the fourth paragraph of his will testator devised to said Emil Mayer and Matilda Mayer the other one-half interest in the afore-mentioned premises. In the sixth paragraph he gave his moneys on deposit in a named savings bank to said Emil Mayer and Matilda Mayer and in the next succeeding paragraph the rest and residue of his estate to them.
It is evident that testator intended to make a complete disposition of his property, real and personal. While the preposition to was omitted before the name “Ronald Weil”, testator’s intent was to give him an interest in the designated real property. The case is one where, in order to carry out the evident intent of the testator, the missing preposition can and will be inserted by the Surrogate. The question which remains is the nature of the interest given to said Ronald Weil who is an infant of 14 years of age. The proposed trust is clearly passive as no active trust duties or functions are imposed upon the persons designated as trustees in the will. No estate or interest, legal or equitable, vested in the designated trustees within the provisions of section 93 of the Real Property Law. The legal title to a one-half interest in the“specifically described real property is in the infant Ronald Weil. (Jacoby v. Jacoby, 188 N. Y. 124, 129; Matter of Berliner, 267 App. Div. 1000; Matter of Foster, 174 Misc. 933; Matter of Berkel, 184 Misc. 711, 714.) The estate granted passed directly to the devisee. (Matter of Cooney, 112 App. Div. 659, 662; Gueutal v. Gueutal, 113 App. Div. 310.) Since the executor, Emil Mayer took no title, his purported conveyance of a one-half interest in the subject realty to the infant devisee did not affect the interest of the infant. Submit decree construing the will accordingly, on notice.