John D. Bennett, S.
In this accounting proceeding the petitioner requests a construction of paragraphs Second and Third of the will. By both of these paragraphs the testatrix bequeathed equal shares of her jewelry and residuary estate to her. son Jack Maurice Lang, and to her son Charles Lang, for the use of the testatrix’ grandchildren, Richard Lang and Stanley Lang, the two sons of Charles Lang.
*329 The pertinent provisions of the will read as follows:
“ Second, I give, bequeath, and devise unto my son Jack Maurice Lang, and to my son Charles Lang, for the use of my grandchildren, Richard Lang and Stanley Lang, all my jewelry, wherever located, in equal shares by the number of pieces. I direct my executor to decide what pieces shall go into each share, making sure there shall be an equal share to each son. If there be an unequal number of pieces to be divided, then I direct that the extra piece be given to my son Jack Maurice Lang in addition to his share of the equal division of the jewelry.
í í Tldrc^ I give, bequeath, and devise all the rest and remainder of my estate, whether real property, or personal property to my son Jack Maurice Lang, and to my son Charles Lang for the use of my grandchildren, Richard Lang and Stanley Lang in two equal shares, one share to each of my sons.”
These paragraphs might be interpreted as giving all the bequests to the two named sons for the use and benefit of the two named grandsons or, on the other hand, giving one half to Jack Maurice Lang outright and the other one half to Charles Lang for the use of .his two children, the named grandsons.
A reading of paragraphs Second and Third clearly shows that the latter construction was intended, since there are specific provisions for division of the property between the two sons. These provisions would be unnecessary and meaningless if it were intended that both sons were to hold all the property for the benefit and use of the two grandchildren. Consequently the bequests under both paragraphs to Jack Maurice Lang are absolute and outright gifts, whereas the bequests to Charles Lang are ‘ ‘ for the use of my grandchildren, Richard Lang and Stanley Lang ”.
It may have been the intention of the testatrix to create a trust for her grandchildren, with her son, Charles, as trustee. However, it is well settled that a disposition .to one person for the use of another, where the trustee has no active duties to perform, results in a passive trust, and the legal title to the property vests directly in the beneficiary by operation of law (Real Property Law, § 93; Jacoby v. Jacoby, 188 N. Y. 124; Townshend v. Frommer, 125 N. Y. 446; Matter of Kuehnle, 4 Misc 2d 540; Matter of Holzwasser, 177 Misc. 868). The court accordingly holds that the bequests in paragraphs Second and Third to Charles Lang for the use of his sons, Richard Lang and Stanley Lang, vest such bequests in Richard Lang and Stanley Lang.
*330 The attorney’s fee and disbursements are fixed in the amounts requested, and are for all services rendered, including the submission of a decree hereunder and implementation thereof.
The account will be settled as filed.
Settle decree on five days’ notice with three additional days’ notice if served by mail.