W. Vincent Grady, S.
Petition has been made to this court by the State Bank of Albany (merged with State Bank, Chatham, New York) sole trustee under the last will and testament of Frederick L. Conklin, deceased, for a judicial settlement of its accounts, for a construction of certain dispositions as to income contained in the will of decedent, for a determination of the person or persons entitled to the principal of the trust, and for a determination whether any part of the trust is payable to Columbia Memorial Hospital (formerly Hudson City Hospital).
After hearing respective counsel and reading the memoranda of law submitted by them and after a perusal of the last will *496 and testament of decedent, and after due deliberation thereon the court decides and finds as follows:
It appears that Frederick L. Conklin, the decedent herein, died a resident of the Village of Millerton, Dutchess County, New York, on February 3,1949, leaving a last will and testament dated January 15, 1945 and codicil thereto dated December 13, 1948 which were thereafter and on the 2nd day of March, 1949, duly admitted to probate in this court, as the last will and testament of said decedent.
In said last will and testament, State Bank, Chatham, N. Y. (now State Bank of Albany), Cecile C. Matteson and Myrtle S. Conklin were named as executors and trustees of the trust therein contained and letters testamentary and letters of trusteeship were duly granted to them and they thereupon qualified. That prior to the transfer of funds from executors to trustees Cecile C. Matteson and Myrtle S. Conklin resigned as trustees with the approval of this court and thereafter State Bank (now State Bank of Albany) acted as sole trustee under said will.
It appears that after a hearing was had before this court on this application, and before any determination was made, Myrtle S. Conklin (whose life measured the term of the trust under the will of decedent), died and the trust was thereby terminated and the court must now determine:
1. Those who are entitled to the income of the trust up to Myrtle’s death.
2. Those who are entitled to share in a distribution of the corpus of the trust estate at Myrtle’s death.
In order to determine the intent of testator it is necessary to read paragraph numbered ‘ ‘ Fifth ’ ’ of his will which provided: “ Of whatever remains of my estate after payment of the above bequests, real and personal, I give, bequeath and devise the same and all thereof to my Executors and Trustees hereinafter named in trust to receive, hold, invest and reinvest the same and pay the income therefrom, one half to my Wife, myrtle s. conklin, during the term of her natural life and to divide the other half between and pay the same to my Brothers, jay r. conklin and lee w. conklin and in event of their decease leaving a widow or widows, to said widow or widows during the term of my said Wife’s life and at the death of my said Wife, to pay one half of said trust estate to my Brother jay r. conklin or his widow, Gertrude Richardson conklin and to their children, the same to be equally divided between them share and share alike and to pay the remaining half of said trust estate to my Brother lee w. conklin or his widow minnie miller conklin *497 and their Daughter Cecil laura mattison, to be divided between them share and share alike.”
It is also necessary to study the family tree of testator made up as follows:

Reference should also be made to section 40 of the Real Property Law, which provides: “ When future estates are vested; when contingent. A future estate is either vested or contingent. It is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain.”
Some of the cases cited in McKinney’s Consolidated Laws under this section should be noted.
In Matter of Van Auken (31 N. Y. S. 2d 897 [1941]) it was held that an estate is a “ vested estate ” where there is an immediate right of present enjoyment or a present right of future enjoyment, and, though it may be uncertain whether a remainder will ever take effect in possession, it will be a “ vested remainder ’ ’, if the interest is fixed.
*498 In Matter of Curlett (166 Misc. 944 [1938]) it was held that a future estate is “ vested ” if there is a person in being who would have an immediate right to possession of the property on the determination of all intermediate or preceding estates, and is “ contingent ” if the person to whom or the event on which the estate is limited to take effect remains uncertain.
In Matter of Greenslitt (165 Misc. 464 [1937]) it was held that it is not uncertainty of an enjoyment in future, but uncertainty of right to that enjoyment which marks the difference between “ vested ” and “ contingent remainder ”; an estate being vested when there is immediate right of present enjoyment or present right of future enjoyment, even though it may be uncertain whether it will ever take effect in possession.
The principle that the law favors the vesting of estates is merely a rule of construction and is subordinate to primary rule that intention, when ascertained, must control. (See Matter of Weekes, 174 Misc. 930 [1940], affd. 260 App. Div. 1014.)
Whether a remainder of testatmentary trust for life is vested or contingent depends on testator’s intention. (See Matter of Levy, 171 Misc. 431 [1939].)
The testator’s intention is paramount on the question whether a remainder is vested or contingent, and all rules of property and canons of construction are subordinate thereto. (Matter of Monahan, 171 Misc. 648 [1939]. Also, Matter of Taylor, 34 N. Y. S. 2d 200 [1942].)
Id.— Testator’s use of the phrase ‘ ‘ upon the death of my said wife ” in provision of will that on the death of his wife, residuary estate was given absolutely to certain legatees, simply related to the time of beneficial enjoyment, and in no way retarded the vesting of the legacies on testator’s death, and indicated a present intention to bestow a gift, speaking as of the date of testator’s death.
It is a well-settled principle that the law favors the vesting of estates, and unless a contrary intention is unequivocally expressed it will not be imputed. (See Connelly v. O’Brien, 166 N. Y. 406 [1901].)
The heirs of a testator living at the time of his death, and not those living at the time of the death of the life tenant, have under this section a vested remainder, under a devise of a life estate to the wife of the testator with the privilege of using the principal, if necessary, for her support, with the remainder over as to the property not used by the life tenant, to the heirs of the testator, share and share alike, which heirs were to have no part or control during the life of the testator. (Matter of Johnson, 212 App. Div. 768 [1925].)
*499 In Matter of Seely (110 N. Y. S. 2d 206 [1952]) the trust was to pay the income to the testator’s child, Jennie, for life and upon her death to pay the corpus to Jennie’s two named daughters, or to the survivor of them, but if both were dead to the testator’s other children. Both of Jennie’s daughters survived testator but one died before Jennie. Held that survival meant survival at death of testator and that the remainders vested indefensibly in Jennie’s daughters at testator’s death and that a share passed to the estate of the one who died before distribution. Surrogate Wither said that the trend of the cases is strongly toward the remainder vesting at testator’s death. The Restatement, Property (§§ 256, 257) states additional rules which amply support where the bequest or devise is made to identified persons existing at the testator’s death, that is, nominatim, or is couched in language of present gift, such fact tends to establish indefeasible vesting at the time of the testator’s death.
In Matter of Weaver (253 App. Div. 24, affd. 278 N. Y. 605 [1938]) the gift of the remainder was to three named sisters “to be divided between them share and share alike; the child or children of a deceased sister to take the share to which the mother would be entitled to.” It was held without dissent in either the Appellate Division or the Court of Appeals that the estate of the sister who survived testator but died before the life tenant was entitled to share in the remainder.
In Lyons v. Ostrander (167 N. Y. 135 [1901]) the gift of the remainder was to several named individuals “ share and share alike, the issue of such as may have died to take the share to which his, her or their parents would, if living, have been entitled.” The Court of Appeals said (p. 138): “ The learned trial court based its decision upon the general and well-settled rule that where there is a devise or bequest to one person and in case of his death to another the words of substitution refer to a death in the lifetime of the testator. Many decisions are cited which exemplify this rule. There is, however, a qualification, or, more properly speaking, an addition to this rule which is equally well established, and this seems to have been overlooked by the learned trial justice. It has been announced in various forms by legal and judicial writers. It is concisely stated by Jarman (vol. 2 p. 696, 6th ed.) as follows: A bequest to A for life, and after his decease to B or his children, is held to create a substitutional gift in favor of the children of B in the event of B dying in the lifetime of A.”
Other cases illustrating the preference for early indefeasible vesting are: Matter of Sweazey (2 A D 2d 292); Colby v. Doty (158 N. Y. 323, 327 [1899]); Stokes v. Weston (142 N. Y. 433 *500 [1894]); Goodwin v. Coddington (154 N. Y. 283 [1897]); Matter of Elting (268 App. Div. 74, affd. 294 N. Y. 941); Matter of Krooss (302 N. Y. 424); Matter of Ross (281 App. Div. 470, affd. 308 N. Y. 724).
It is apparent from a perusal of the Conklin will that there is nothing to indicate that testator had any intention other than to favor early and indefeasible vesting in the first-named takers of the corpus of the trust measured by his wife’s life. In fact, by the very language testator used, he indicated that his estate was to be divided equally between his two brothers Jay and Lee, for he provided 1 ‘ at the death of my said Wife, to pay one half of said trust estate to my Brother Jay B. Conklin or his widow, Gertrude Richardson Conklin and to their children, the same to be equally divided between them share and share alike and to pay the remaining half of said trust estate to my Brother Lee W. Conklin or his widow Minnie Miller Conklin and their Daughter Cecil Laura Mattison, to be divided between them share and share alike.” (Italics added.)
Testator used the disjunctive “ or ” after his direction to pay his brother “Jay” and again he used “or” after the direction to pay his brother “ Lee ”. This indicates to the court that testator intended that his brothers share if they survived him, which they did. This intent is further indicated by testator’s use of the term “ widow ”. He could have stated “ wife ” or “ spouse ” but he chose to use the term which indicated prior death of his brothers in each instance. Only one conclusion can be drawn from this use of words and that is that testator left the corpus of the trust to his brothers Jay and Lee, or if either had predeceased him, then and then only, to the widow and children share and share alike.
The court concludes, therefore, that the brothers Jay R. Conklin and Lee W. Conklin, by surviving testator, became vested indefeasibly in the corpus of the trust, subject only to the life use of the widow, Myrtle S. Conklin. Since they both died before Myrtle, however, their respective one-half shares should be paid to their estates, and through these vehicles to James R. Conklin and Minnie Miller Conklin respectively.
In view of this conclusion, the claim of Kenneth Matteson as administrator of the goods, chattels and credits of Cecile C. Matteson, deceased daughter of Lee W. Conklin, should be rejected, on the basis that she did not have a vested interest. Her father Lee had the vested interest and Cecile predeceased him.
*501 As to the income accrued on this trust fund from trustee’s last payment on May 15, 1959 to the date of Myrtle’s death on June 22, 1959, this should be distributed as follows:
One half should be paid to the estate of Myrtle S. Conklin as she was entitled to this income to the date of her death. The other half should be paid to Minnie Miller Conklin, widow of Lee, who is the only survivor of the brothers and their widows under the terms of paragraph numbered “ Fifth ” of testator’s will.
This leaves only the provisions of the codicil to be construed and determined including the claim of Hudson City Hospital (now Columbia Memorial Hospital).
Testator by his codicil provided: “ I direct my Executors and Trustees to make provision from my Estate for the needs of my widow, my brothers and their widows during their lives, in addition to the provisions in my Will and if my residuary estate after the death of my widow, my brothers and their widows shall exceed Fifty thousand dollars ($50,000) I direct them to pay the Hudson City Hospital any amount in excess thereof not over Twenty Five thousand dollars. ’ ’
Although the wording of this codicil is unique, nevertheless the following cases might be considered analogous.
In Matter of Maloney (8 A D 2d 756 [1959]) the appellate court held that where the will suspended the power of alienation of the corpus in trust for three lives in being, the trust was void and the residuary estate must be distributed as in intestacy; the distributees to be ascertained as of the death of the testator. The law does not accelerate remainders except in favor of the same persons who would take them if the intermediate estate expunged as illegal had been allowed to run its course. (See, also, Matter of Durand, 250 N. Y. 45, 55; Kalish v. Kalish, 166 N. Y. 368.)
In Matter of Raab (79 Misc. 185 [1913]) it was held that a contingent remainder limited upon an invalid trust term is invalid. (Also, see, Knox v. Jones, 47 N. Y. 389; Bindrim v. Ullrich, 64 App. Div. 444, 449.)
In Matter of Ryan (52 N. Y. S. 2d 502 [1944]) it was held that where the only words of gift are found in direction to pay at a future time, the vesting is suspended and the interest given is contingent rather than vested. Some definite share of the remainder must be indefensibly vested as of the death of testator in order to allow acceleration of payment upon holding gift of prior estate invalid. Where testamentary bequest of resid *502 nary estate in trust was void for violation of statutes against perpetuities and remainders of the trust were not indefeasibly vested so as to be capable of acceleration, residuary estate passed as intestate property to statutory distributees.
In Matter of Moore (199 N. Y. S. 790) where a will provided that two thirds of testator’s estate should be divided into as many equal shares as there were grandchildren living at the death of the last surviving of testator’s two sons, to be distributed to the grandchildren when the youngest grandchild living at testator’s death reached 21 years, held, in view of the fact that the legacies were contingent, both as to time and as to the persons among whom division was to be made, they could not be separated from the invalid trust by acceleration without defeating the intent of the testator, and, hence, must fall with the invalid trust. (See, also, Matter of Jutkovitz, 139 N. Y. S. 2d 120 [1954] and Matter of Douglass, 120 Misc. 193 [1923].)
In the instant ease, the first conclusion of the court is that the provisions of the codicil of Frederick L. Conklin are void as they create an unlawful suspension of the power of alienation, for five lives, which is contrary to the provisions of section 42 of the Beal Property Law and section 11 of the Personal Property Law of the State of New York, as existing and applicable at the date of the death of testator.
The next question is whether the bequest to the hospital is accelerated by reason of the intermediate estate being expunged as illegal. From cited authorities it appears that the remainder, if vested, would be accelerated. However, the court concludes that the bequest to the hospital is not vested, but contingent upon the size of the estate after the death of five persons, one of whom Minnie, is still alive. Therefore, the gift to the hospital falls with the invalid trust and the corpus should be divided between the estates of the two brothers of testator pursuant to the provisions of paragraph numbered “Fifth” of testator’s will. In effect, this achieves the same result as though the residuary estate were declared an intestacy and distributed to the statutory distributees of decedent. Actually, however, it is clear that testator’s intent as stated in his codicil was that its provisions should be “in addition to the provisions in my Will.”
Since the testator’s brothers Lee and Jay who survived him, have vested remainders under paragraph ‘ ‘ Fifth ”, their estates are entitled to divide the residue of the trust.
The account of the trustee in all other respects should be judicially settled as filed.