## 20279

Lennis Kinard RENTZ and Danny Rentz, Appellants, v. Myrtis R. POLK as Executrix and/or Trustee of the Estate of Aaron Eldred Rentz, Respondent.

(228 S. E. (2d) 106)

*Messrs. George W. Jefferson, Jack F. McGuinn,* and *Kenneth R. Kitts,* of Columbia, *for Appellants,*

*Clyde A. Eltzroth, Jr., Esq.,* of *Murdaugh, Peters & Murdaugh, for Respondent,*

September 8, 1976.

LITTLEJOHN, Justice:

This action was commenced by petitioners, Lennis Kinard Rentz and Danny Rentz, against the respondent Myrtis R. Polk, pursuant to the Uniform Declaratory Judgments Act to construe and/or interpret the will of Aaron Eldred Rentz, deceased. Petitioners, who are the widow and son of the deceased, seek to invalidate a trust created in the will, under the terms of which respondent Polk (sister of deceased) was named both executrix and trustee. The lower court upheld the trust. Petitioners have appealed.

Under the terms of the will, certain duties are imposed upon the respondent Polk in her executrix capacity, and certain other duties are imposed upon her in her trustee capacity. The trust is created in Items V and VI, quoted in part hereinafter. It is apparent to the court that the words "my executrix" are used in Item V when the testator intended the words "my trustee." We treat the issues as though the words "my trustee" had been used. The items of the will creating the trust, which give rise to this dispute, are in pertinent part as follows:

"V. I give, devise and bequeath all the rest and residue of the property of which I may die possessed, including, but not limited to bank accounts, real estate, mortgages, choses in action, growing crops, money and life insurance policy

benefits unto Myrtis R. Polk, IN TRUST, nevertheless, under the following terms and conditions:

"In addition to the powers conferred by statute or general rules of law, and with the direction that a grant of specific powers shall not be construed as a limitation of general powers granted herein by statute or law, my executrix is authorized and empowered:

\* \* \*

"(b) To sell, resell, exchange, re-exchange, convey, re-convey, assign, or otherwise transfer or dispose of any property, real or personal, at any time held as part of my estate or of any trust fund established hereunder, for cash or other property, or upon credit, in such manner and upon such terms and conditions as she may deem best, and no person dealing with my estate or with any trust created hereunder shall be required to see to the application of any monies paid.

"(c) To borrow money and give security therefor.

\* \* \*

"(f) To collect and receipt for income, rents, profits, proceeds of insurance and of sale, and of any other funds or property to which the estate of any trust hereunder is entitled . . . .

\* \* \*

"(q) In general, to exercise all powers in the management of my estate and any trusts hereunder which any individual could exercise in his own right, upon such terms and conditions as may seem best, and to execute and deliver any and all instruments and to do all acts which may be deemed necessary or proper to carry out the purposes of this, my Will.

"VI. Upon the death of my Mother-in-law, Danna H. Kinard, my Trustee shall turn over *the corpus* of the trust to my beloved wife, Lennis, in its entirety. Should my beloved wife predecease her Mother then, and in that event,

my Trustee shall turn over *the corpus* of the trust to my son, Danny, ten (10) years after my death."

In briefs submitted to the trial court, the petitioners asserted that (1) the trust was passive and therefore executed by the Statute of Uses, (2) no beneficiary of the trust was sufficiently designated, (3) the trust violated the rule against perpetuities, and (4) the trust constituted a disabling restraint on alienation. The same issues are now before this Court.

We are of the opinion that the lower court correctly held that a valid trust was created. There was a declaration of the trust, property to which the trust pertained, a trustee, and named beneficiaries.

The contention that the trust was passive is without merit. The portions of the will quoted hereinabove, when taken together, indicate more than a mere preservation of trust assets. The powers to borrow, rent, invest, and collect income indicate an ongoing operation with expectations that the assets increase in value such that upon a distribution of the trust estate the beneficiaries receive more than the original *corpus*. In order that an active trust, as contrasted with a passive trust, be created, the trustee must have duties. If it is essential that legal title vest and remain in the trustee to enable her to perform the duties of the trust, then the trust is active; if not, then the trust is deemed to be passive. 76 Am. Jur. (2d), *Trusts*, § 13 at 259-260. It would be impossible for the trustee in this case to perform the duties imposed upon her unless she has legal title to the trust property. Therefore, the argument of the petitioners that the Statute of Uses operates to execute the interests of the beneficiaries is not sound. *Johnson v. Thornton*, 264 S. C. 252, 214 S. E. (2d) 124 (1975).

Petitioners next argue that the terms of the trust fail to sufficiently identify a beneficiary and thus the trust must be declared invalid. The beneficiary of a

trust must be designated with sufficient clarity and certainty to be capable of identification. *Board of Directors of Theological Seminary v. Lowrance,* 126 S. C. 89, 119 S. E. 383 (1923). The fact that both Lennis K. Rentz and Danny Rentz could die before Danna H. Kinard, does not void the trust for lack of a sufficiently identifiable beneficiary. Upon the happening of this contingency, the trustee need only bring an action under the Uniform Declaratory Judgments Act to seek guidance by the court as to the proper performance of her duties. Thus, petitioners' argument that the trust contains no provision for final distribution of the *corpus* is without merit.

Further, we find no merit in the petitioners' argument that failure of the testator to provide for the distribution of income to a beneficiary during the term of the trust invalidates it. It is apparent the testator intended that any income and profits derived from management of the trust property be allowed to accumulate and pass as additional *corpus* upon the death of Mrs. Kinard.

The trust does not violate the rule against perpetuities. Although at this time there exists an uncertainty as to who the ultimate beneficiary of the trust may be, it is nonetheless certain that the interest of the beneficiary will vest within twenty-one years after the death of Mrs. Kinard, the life in being at the creation of the interest.

Having concluded that the trust is valid, it necessarily follows that the contention that the trust is a disabling restraint on alienation cannot be sustained.

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.