## IN THE MATTER OF THE ESTATE OF: JAMES A. RICHARDS, JR., Deceased.

Probate No. 3/1979

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

October 22, 1996

VERONICA HANDY, ESQ., (Bornn Bornn Handy), St. Thomas, U.S.V.I., *for the Estate of James A. Richards, Jr.*

DIASE, *Judge*

### MEMORANDUM OPINION

The Court is asked to determine the question of whether certain provisions of the Last Will and Testament of James A. Richards, Jr., dated December 7, 1978, create a valid testamentary trust. The

Court answers the question in the negative as the settlor imposed no affirmative duties on the trustees. As a result, the trust is deemed passive and executed under the Statute of Uses. Legal title in the trust assets, therefore, passes to the intended beneficiaries of the trust, as there is no trust to administer.

## FACTS

This probate of the Estate of James A. Richards, Jr. has a long and complex history involving more than fifteen years of filings, contained in six file volumes, in both the Territorial and the District Courts of the Virgin Islands. Thus, the facts recited herein are those directly pertinent to the issue at hand.

James A. Richards, Jr., Esq. died on December 10, 1978. By Order dated May 10, 1979, the Last Will and Testament of James A. Richards, Jr., dated December 7, 1978, was admitted to probate by the Territorial Court. In pertinent part, Paragraph 4(a) of the decedent's will provides as follows:

> To my wife, LECIA A. RICHARDS, I give and bequeath $ 2,500.00 plus one-third of my estate, in Trust, for her life, the REMAINDER interest in this one-third to STEPHEN A. RICHARDS and CHARLENE A. RICHARDS, in equal shares. This one-third interest of my wife in my estate to include in the following order, Parcel No. 7N Estate Thomas, Loans and or Preferred Stock in Empire Realty, Inc., Parcel [sic] No. 7A and 7B Estate Thomas, and, if insufficient, a portion of the residue of the estate to make up the one-third.[1]

---

[1] By Order dated July 31, 1985, the District Court of the Virgin Islands confirmed the sale of Parcel No. 7N to pay outstanding debts of the Estate. The District Court became involved in this probate when Leroy Richards filed a Petition for Writ of Review of the Territorial Court's Order dated June 18, 1980, wherein he was removed as co-executor of the Estate and replaced by Stedmann Hodge, Esq., as administrator *de bonis non*. In its August 11, 1980 Order, the District Court acknowledged that the Territorial Court had not made a final determination of the matter and, thus, the case was not ripe for review. However, the District Court expressed that, because the petition suggested prejudicial irregularities in the proceedings below, it would treat the petition as a request for transfer and ordered the case transferred. On March 12, 1982, the District Court denied a motion to remove the administrator. Subsequently, by Order dated February 12, 1982, the District Court granted the administrator's motion wherein, in

In its Order dated April 20, 1993, the Territorial Court, with the assumption that the subject paragraph created an active testamentary trust, appointed a trustee[2] and directed the preparation of a trust instrument. On November 27, 1995, the administrator *de bonis non*[3] and the trustee, by and through counsel, filed a Motion for Instructions for Testamentary Trustee.[4] They also filed a proposed Declaration of Trust wherein, in part, Lecia F. Richards was identified as the beneficiary of the trust and Charlene Richards and Stephen Richards as the remaindermen.

Subsequently, on March 5, 1996, the Court denied the Motion, without prejudice, for being premature as the probate matter was still pending and the administrator had not distributed any assets to the trust. The Court further directed counsel to file a memorandum of law, with points and authorities, as to whether Paragraph 4(a), in fact, created a valid testamentary trust.[5] On March 29, 1996, counsel filed a memorandum of law, in which, in part, it was requested that the Court declare that a passive trust for the benefit of Charlene Richards and Stephen Richards was established pursuant to Paragraph 4(a) of the decedent's will; that the Court identify the assets of the Estate that should fund the trust; that notwithstanding the Court's April 20, 1993 Order, the Court name Lecia Richards as trustee and that Lecia Richards be directed to hold and retain such assets for conveyance to Charlene Richards

part, he requested permission to sell Parcel No. 7N Estate Thomas. The case was transferred back to the Territorial Court on March 22, 1989, on the District Court's *sua sponte* initiative based on its lack of jurisdiction over probate matters.

[2] The Court appointed Kevin A. Richards, although the will specifically designated Leroy Richards and George Richards, the decedent's brothers, as trustees.

[3] By Order dated July 24, 1992, the Territorial Court removed Stedmann Hodge as administrator *de bonis non* and appointed Roy Richardson.

[4] Instructions were requested on the following matters: (1) whether the assets allocation to the trust should be continued to be so allocated as these assets have a value greater than one-third of the Estate; (2) the extent of the trustee's power and duties; (3) the character and extent of the interest of the beneficiaries of the trust; (4) the persons entitled to the income or principal of the trust; and (5) the allocation of specific property of the Estate, or proceeds from the sale thereof, to the trust.

[5] The Court was particularly concerned with the following issues: (1) what effect, if any, does the lack of affirmative duties imposed by the settlor on the trustee have on the creation of the trust; (2) what effect, if any, does the uncertainty as to the purpose of the trust and the duties which the trustee is to perform have on the creation of the trust; and (3) how does the Court determine the settlor's intent as to the trust purpose and trustee's duties in the absence of clear language.

and Stephen Richards upon final adjudication and distribution of the Estate; and that the proposed Order of Instructions for Testamentary Trust, with modification, be entered regarding the administration of the passive trust.

## LEGAL DISCUSSION

■■ According to the common law, no trust is created unless the settlor manifests an intention to impose enforceable duties. RESTATEMENT (SECOND) OF TRUSTS § 25 (1959). Where the settlor has imposed affirmative duties on the trustee, the trust is considered active and valid. *Rentz v. Polk*, 267 S.C. 359, 228 S.E.2d 106, 108 (S.C. 1976); RESTATEMENT (SECOND) OF TRUSTS § 69 cmt. a; GEORGE T. BOGERT, TRUSTS § 46 (6th ed. 1987); GEORGE T. BOGERT and GEORGE G. BOGERT, TRUSTS AND TRUSTEES § 206 (Revised 2d ed. 1979); 76 AM. JUR. 2D Trusts § 10 (1992). A trustee has affirmative duties when he is given the power and duty to perform acts of management or administration which involve discretion. BOGERT, TRUSTS § 46. Where no such duties have been imposed, the trust is considered passive and invalid. BOGERT, TRUSTS § 46; 76 AM. JUR. 2D § 10. A passive trust will be found where the trust declaration or a trust transfer "to the use of" another or "in trust for" another or "for the benefit of" another without specifying any duties to be performed by the trustee in carrying out the use or trust. BOGERT, TRUSTS AND TRUSTEES § 207. In fact, "if the owner of property . . . transfers it 'in trust' for a named person without specifying further the purposes of the trust, the writing sufficiently designates the purpose of the trust since it is a declaration of a passive trust of the property for the intended beneficiary." RESTATEMENT (SECOND) OF TRUSTS § 46 cmt. a.

■ Even the most cursory reading of Paragraph 4(a) would indicate that no affirmative duties were imposed by the settlor on his trustees. The settlor provided simply that his wife would have an interest "in one-third of my estate in Trust for her life" and the remainder to his children. The settlor provided no direction to the trustees as to how this property was to be managed or administered. And, the trustees have no specific duty to perform for the

22

benefit of the named beneficiaries.[6] Thus, the settlor, having imposed no duties for the Court or the beneficiaries to enforce, created a passive, and, thereby, an invalid trust.

The Court is further led to the conclusion that the settlor intended to create a passive trust in Paragraph 4(a) based on its review of a latter paragraph in the will, Paragraph 4(j). Under this paragraph, the settlor devised in trust all his interest in Bella Vista, Inc., Tampax, Inc., and other stocks, except Empire Realty, Inc., for the benefit of his children and directed the trustees to distribute the net income yearly. He further directed that the corpus of the trust was to be distributed when the youngest child reaches the age of twenty-one (21).

Clearly, the settlor established a trust in Paragraph 4(j) wherein he specified the duties to be performed by the trustees, thereby making that trust active. As an attorney, James Richards would have understood the significance of his actions and their effect.

Finally, in the Memorandum of Law, counsel for the Estate asserted that a passive trust was created under Paragraph 4(a). Counsel further requested the Court to declare that the trust is passive. The Court will make such a declaration.

■ Once a trust is passive, it will be deemed executed under the Statute of Uses. *In Re Lowitz' Estate,* 360 Pa. 91, 61 A.2d 342, 343 (Pa. 1948); *Burnham v. Baltimore Gas & Electric,* 217 Md. 507, 144 A.2d 80, 84 (Md. App. 1958); RESTATEMENT (SECOND) OF TRUSTS § 67. In executing a passive trust, the beneficiary takes both the legal and equitable titles. His beneficial use is converted into legal ownership and the trustee takes nothing. *Johnson v. Thornton,* 264 S.C. 252, 214 S.E.2d 124 (S.C. 1975); *Penney v. White,* 594 S.W.2d 632, 640 (Mo. App. 1980); RESTATEMENT (SECOND) OF TRUSTS § 67 cmt. b. While the

---

[6]This is so notwithstanding Virgin Islands Code Ann. tit. 15, § 5(a) (1964) which provides a trustee with the general power to take possession, collect the rents, and manage, and to sell, mortgage and lease real property. However, this power cannot be exercised in certain instances, including when the real property has been specifically devised to any one person not under a disability at the time the sale, mortgage or lease takes effect, unless the Court deems it necessary for the payment of administration expenses, funeral expenses, debts or transfer or estate tax. *Id.* §§ 5(b)-5(c). In this matter, Parcel No. 7N Estate Thomas and Parcels No. 7A and 7B Estate Thomas were specifically devised in trust. As stated, *supra,* Parcel No. 7N was previously sold. Moreover, this general power should only supplement and reinforce the settlor's intent and not substitute for it.

Statute of Uses historically applied to real property, "the American courts have generally held that passive trusts of personalty are executed by automatic transfer of the title to the beneficiary, either by analogy to the Statute of Uses or because equity treats a trust without a purpose as terminable or terminated." BOGERT, TRUSTS § 46; *Accord Penney v. White*, 594 S.W.2d at 640; 76 AM. JUR. 2D § 12. The Statute of Uses applies to testamentary trusts. RESTATEMENT (SECOND) OF TRUSTS § 72.

As Paragraph 4(a) concededly created a passive trust, where it pertains to real property, it was executed by the Statute of Uses. This Court will follow other American jurisdictions and further find that, by analogy to the Statute of Uses, Paragraph 4(a) was also executed as it pertains to the personal property. Thus, the legal and equitable interests in the trust assets were automatically merged in the beneficiaries of the trust. Lecia Richards' life estate became a legal interest rather than an equitable interest and Charlene Richards and Stephen Richards took the vested remainder as absolute owners. The trustees, having taken nothing, have nothing to convey. As such, there is no need for this Court to name trustees, to direct such trustees to hold and retain assets for conveyance to the beneficiaries or to enter an Order for Instructions regarding the administration of the trust. All that remains to be done is, upon the entry of the final adjudication by the Court, for the assets to be distributed to the beneficiaries free of any trust.

The Court must also address the new argument put forth by counsel in her Memorandum of March 29, 1996. It is asserted that, rather than the establishment of a trust for Lecia Richards, the settlor intended to create a trust for the minor children with Lecia Richards as the named trustee. In reading Paragraph 4(a), the Court does not concur with counsel's interpretation as the language specifically states that the assets are "in trust for her life" with a remainder for the children. Furthermore, pursuant to Paragraph 5, the settlor specifically appointed Leroy Richards and George Richards "as trustees and executors" of his Estate. And, even if Lecia Richards were to have served as trustee of a trust established for the children, who were minors at the time the will was executed, where no duties are expressly mentioned for the trustee, none will be implied simply because it is a trust for minors.

24

BOGERT, TRUSTS AND TRUSTEES § 207. The trust for the minors would have also been executed under the Statute of Uses or by analogy thereto. The assets would have passed directly to them, with the life estate in Lecia Richards. *See In Re Kuehnle's Will,* 4 Misc. 2d 540, 158 N.Y.S.2d 692 (1956) (passing estate directly to fourteen-year old minor where trustees had no active duties or functions). Thus, the same result would have been reached.

## CONCLUSION

Therefore, as written, Paragraph 4(a) of the Last Will and Testament of James A. Richards, Jr. did not create a valid testamentary trust but, rather, a passive trust through which one-third of the Estate passed directly to Lecia Richards and to Charlene Richards and Stephen Richards. However, in order for the Court and the administrator de bonis non to correctly determine what constitutes one-third of the Estate, an updated appraisal or valuation of the Estate's assets must be prepared. Upon the submission of such appraisal or valuation, the Court will identify the assets to be given to Lecia Richards, for her life, and to the remaindermen and will so provide in the Final Adjudication. An appropriate Order will be entered.

Dated this 22nd day of October, 1996.

## ORDER

A Memorandum Opinion having been entered on even date, accordingly, it is hereby

ORDERED that Paragraph 4(a) of the Last Will and Testament of James A. Richards, Jr. dated December 7, 1978, is declared to create a passive trust and that, upon the finalization of the Estate of James A. Richards, Jr. by the Court, all interest in one-third of the Estate, including in the following order, loans and/or preferred stock in Empire Realty, Inc., Parcels No. 7A and 7B Estate Thomas, and, if insufficient, a portion of the residue of the Estate to satisfy the one-third, shall be transferred to Lecia Richards, for her life, and the remainder interest in the said one-third to Stephen Richards and Charlene Richards, free of any trust; and it is

ORDERED that by November 29, 1996, the administrator de bonis non, Roy Richardson, shall cause to be prepared and shall file

with the Court an appraisal of the assets constituting the Estate of James A. Richards, Jr.; and it is further

ORDERED that a copy of this Order be directed to Veronica Handy, Attorney at Law.

DATED this 22nd day of October, 1996.